## GOODMAN v TENBUSCH et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9294.  Decided Feb 11, 1929

A M Gibbons, Cleveland, for Goodman.

Krueger & Pelton, Cleveland, for Tenbusch.

MIDDLETON, PJ, MAUCK, J, of the 4th Dist, and ROBERTS, J, of the 7th Dist sitting.

MAUCK, J.

Under this state of facts it is clear that the deed vested in Mr. Tenbusch nothing but the naked legal title and that the entire equitable estate was in his wife. As between the parties thereto Mrs. Tenbusch had a right to the reconveyance.

Under some circumstances Mrs. Tenbusch would not be permitted to enforce her equities by securing a reconveyance. When she placed her deed in her husband's hands and made it possible for the deed to find its way to the public records, she would have had to suffer any loss occasioned by the fact that the deed was recorded. If the plaintiff herein had contracted with Mr. Tenbusch on the strength of his apparent ownership of this property, Mrs. Tenbusch would be estopped from asserting her equities in the premises. The plaintiff cannot urge an estoppel however, for the reason that he did not accept Tenbusch as surety on the supposition that the latter owned the property nor did he otherwise change his position in any respect by reason of any such supposition. When the contract of suretyship was entered into Mrs. Tenbusch appeared of record as the sole owner of the property in question.

The petition of the plaintiff is dismissed.

Middleton and Roberts, JJ, concur.